## WINBERRY v. THIBERGE

---

(May 2, 1932. Opinion and Decree.)

---

Felix W. Gaudin, Milton R. DeReyna and Edna K. Gaudet, of New Orleans, attorneys for plaintiff, appellee.

Harry M. Mayo, Jr., of New Orleans, attorney for defendant, appellant.

JANVIER, J. Winberry seeks to recover for personal injuries sustained by him and for the damage caused to his Ford automobile when it was in collision at the corner of Poydras and Dryades streets with a Pontiac car owned and driven by Mrs. Thiberge.

He alleges that he was driving up Dryades street and that, on reaching the lower side of Poydras street, he stopped momentarily because the traffic signal light facing him showed red, which fact, under the traffic ordinance, C. C. S. 7490, indicated that vehicles, the drivers of which intended to cross the roadway ahead of him, were entitled to proceed. According to his petition and to his testimony, when the light, after changing to amber, turned to green, he applied the power to his car and proceeded to cross the intersection, but he avers that, when he had almost completed the crossing, the Pontiac car of Mrs. Thiberge crashed into the rear portion of the left side of his Ford and caused it to turn over on its side.

Mrs. Thiberge denies that the light facing her car was red as she attempted to negotiate the crossing, contending, on the contrary, that it was green and that she had proceeded several feet into the intersection when, suddenly and at high speed, Winberry's Ford dashed in front of her when it was too late for her to stop.

In the court below judgment was rendered for Winberry in the sum of $212.95. Of this sum it is evident that $145.95 was awarded for the damage sustained by his automobile and the remainder for personal injuries, medical expenses and loss of earnings and, at this point, we deem it convenient to state that we find no error in the quantum awarded.

We cannot see that any useful purpose would be served by our entering upon a detailed discussion of the evidence. No question of law is involved and we feel that we should apply the familiar rule that where only questions of fact are involved the findings of the court, a qua, will not be disturbed unless manifestly erroneous.

Furthermore, the physical facts tend to corroborate plaintiff's testimony. His Ford

had almost crossed the street when it was struck on the rear fender.

It is entirely possible that the failure of the yellow caution light facing Mrs. Thiberge to work properly may have accounted for her error in believing that the right of way was hers. At any rate no reversal of the judgment appealed from is possible on the record as we see it.

The judgment appealed from is affirmed.